The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Barnes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. At the time of plaintiff's injury by accident, parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The date of plaintiff's alleged injury by accident is 15 September 1993.
3. At that time, an employer-employee relationship existed between plaintiff and defendant.
4. At that time, defendant was self-insured with Sedgwick James of the Carolinas acting as servicing agent.
5. The parties agreed to stipulate into evidence a one-page medical report from Dr. Pamela Whitney, marked Stipulated Exhibit Number One.
6. The parties also agreed to stipulate into evidence four photographs taken in June of 1994, which are not of the actual items in question but are admitted for illustrative purposes only. These photographs have been marked Stipulated Exhibit Number Two.
7. The parties also stipulated an out-of-work slip from Dr. Pamela Whitney, which has been marked Stipulated Exhibit Number Three.
8. The parties also stipulated that defendant would submit a stipulated Industrial Commission Form 22 in order to determine plaintiff's average weekly wage.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, a 40 year-old-man, began work with defendant in August of 1991 as a parts salesman. Plaintiff continues to be employed by defendant in the same capacity.
2. As part of plaintiff's duties with defendant, he sells parts across a counter, working with the public, and also, when required, takes parts to the body shop, approximately 100 yards away from his station.
3. On 15 September 1993, a case of antifreeze was delivered which plaintiff had to help unload. It took plaintiff between 30 to 45 minutes to unload the antifreeze. At the hearing on 6 December 1994, plaintiff testified that he injured his back while unloading the antifreeze but did not feel any pain until he lifted a bumper from the floor as he was carrying it to the parts department. The undersigned does not accept plaintiff's testimony concerning his alleged injury as credible, based upon his demeanor at the hearing, and the testimony given by other witnesses.
4. In addition, at the hearing on 6 December 1994, plaintiff testified that the prior treatment he had received for his neck in July and August of 1993 from Dr. James Millette, a chiropractor, was for the right side of his neck and not his left. Plaintiff further testified that Dr. Millette's report incorrectly listed plaintiff's left neck as receiving treatment when in fact it was his right. The undersigned does not accept plaintiff's testimony concerning this issue as credible, based upon his demeanor at the hearing, his inconsistency and the testimony given by other witnesses.
5. Inasmuch as plaintiff's testimony regarding his alleged injury is not credible, plaintiff did not prove that any disability he has sustained or medical treatment that he has undergone was proximately caused or related to the alleged incident at work on 15 September 1993.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain any injury resulting from an accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. Id.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ________________ COY M. VANCE COMMISSIONER